LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (SBN 088666)
Email: glafayette@lkclaw.com
1300 Clay Street, Suite 810
Oakland, California 94612
Telephone:    (415) 357-4600
Facsimile:     (415) 357-4605

PATTERSON BELKNAP WEBB & TYLER LLP
STEVEN A. ZALESIN (admitted *pro hac vice*)
Email: sazalesin@pbwt.com
TRAVIS J. TU (admitted *pro hac vice*)
Email: tjtu@pbwt.com
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone:    (212) 336-2000
Facsimile:     (212) 336-2222

Attorneys for Defendants
ODWALLA, INC. and THE COCA-COLA COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN REESE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ODWALLA, INC. and THE COCA-COLA COMPANY,<br><br>Defendants. | Case No. 3:13-CV-00947-YGR<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Complaint Filed: March 1, 2013<br>Hearing Date: September 27, 2016<br>Hearing Time: 2:00pm<br>Courtroom: 1, 4th Floor |

This matter has been brought before this Court on the motion of counsel for Defendants Odwalla, Inc. and The Coca-Cola Company (collectively "Odwalla") for an order dismissing Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6).

Plaintiff Robin Reese filed this case in March 2013.  In her complaint, Plaintiff alleged that the labels for certain Odwalla® brand beverages and snack bars violated the federal Food Drug and Cosmetic Act ("FDCA") and California law because they listed evaporated cane juice ("ECJ") as an ingredient.  Plaintiff premised her allegations on a non-binding, draft guidance on ECJ published by FDA in 2009.  *See* Guidance for Industry: Ingredients Declared as Evaporated Cane Juice (hereinafter, "2009 Draft Guidance").

Odwalla moved to dismiss the Complaint in June 2013.  While the motion was pending, FDA reopened its regulatory process concerning ECJ and publicly reaffirmed that the Agency had "not reached a final decision on the common or usual name for this ingredient." *See* Notice; Reopening of Comment Period; Request for Comments, Data, and Information*,* 79 Fed. Reg. 12507 (March 5, 2014) (hereinafter, the "Notice").  Because the Notice firmly established that federal law concerning ECJ remained "unsettled," "non-binding," and "not legally enforceable," the Court granted Odwalla's motion to dismiss on primary jurisdiction grounds and stayed the case pending the outcome of FDA's regulatory process.  *Reese v. Odwalla, Inc.*, 30 F. Supp. 3d 935, 942 (N.D. Cal. 2014).

FDA completed its regulatory process in May 2016.  *See* Revised Guidance for Industry: Ingredients Declared as Evaporated Cane Juice (hereinafter "2016 Final Guidance").  In the 2016 Final Guidance, FDA advised that, based upon its review of the public comments, ECJ will not be considered an appropriate common and usual name under federal law, and FDA advised manufacturers to identify this ingredient on labels by a different name.  Odwalla did not need to revise its labels in response to the 2016 Final Guidance, however, because by that point in time, Odwalla had not labeled any products with ECJ for more than a year.

The Court lifted the stay in July 2016 at the request of both parties, and Plaintiff's Complaint is now ripe for dismissal.

The Complaint alleges that the 2009 Draft Guidance "advised the industry that the term 'Evaporated Cane Juice' is unlawful," but Odwalla's labels "continue to run afoul" of this requirement.  (Compl. ¶47.)  Based on these allegations, Plaintiff asserts statutory claims under California's Unfair Competition Law ("UCL") (Cal Bus. & Prof. Code § 17200 et seq.) (Counts I-III), California's False Advertising Law ("FAL") (Cal. Bus. & Prof. Code § 17500 et seq.) (Counts IV-V), California's Consumer Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1750 et seq.) (Count VI), and a common law claim for unjust enrichment/quasi-contract (Count VII). Plaintiff asserts these claims on behalf of herself and a putative nationwide class of consumers who have purchased the Products in the past four years.  (Compl. ¶82.)

**IT IS HEREBY HELD THAT**, for the reasons described below, Plaintiff's claims relating to the labeling of ECJ on the Products are dismissed with prejudice.

First, Plaintiff bases her claims on California's Sherman Law, which makes FDCA requirements and FDA regulations concerning food labels the law of that state.  The Sherman Law, however, only incorporates final, binding requirements of federal law into California law. *See* Cal. Health & Saf. Code  § 110100; *see also In re Farm Raised Salmon Cases*, 42 Cal. 4th 1077, 1078 (Cal. 2008).  The question of whether the 2016 Final Guidance creates a binding, final requirement is not before the Court.  Here, the only question is whether prior to 2014, when Plaintiff alleges she was misled by Odwalla's ECJ labels, federal law expressly prohibited ECJ labeling and required this ingredient to be labeled as something else.  It did not, and Plaintiff therefore cannot use California law to enforce such a requirement without violating Due Process. *See United States v. AMC Entm't, Inc.*, 549 F.3d 760, 770 (9th Cir. 2008) (retroactive application of a regulatory clarification of existing law contravenes Due Process).  The Sherman Law avoids this constitutional concern by making only final, binding regulations the law of California. *Cf. Wilson v. Frito-Lay N. Am.*, 961 F. Supp. 2d 1134, 1140 (N.D. Cal. 2013) (recognizing, in the context of a Sherman Law case, that it would violate Due Process to allow claims under California law based upon informal positions FDA had taken in warning letters).

Second, pursuant to the FDCA's express preemption clause, Plaintiff is barred from "directly or indirectly establish[ing] . . . any requirement for the labeling of food of the type required by" certain sections of the FDCA relating to food labeling. 21 U.S.C. § 343-1. The sections of the FDCA covered by the express preemption clause include Section 343(i), which requires that a product and its ingredients be identified by their common and usual names. *Id.* Prior to 2014, when Plaintiff purchased Odwalla products labeled with ECJ, FDA had not defined ECJ by regulation or determined that federal law required this ingredient to be labeled by a different name. As such, Plaintiff's state-law claims necessarily seek to impose "requirements" concerning the labeling of ECJ that are not identical to the requirements of federal law and are expressly preempted. *Carrea v. Dreyer's Grand Ice Cream, Inc.*, 475 F. App'x 113, 115 (9th Cir. 2012); *see also Perez v. Nidek Co. LTD*, 711 F.3d 1109, 1119 (9th Cir. 2013) (finding claims preempted where plaintiff "effectively [sought] to write a new provision to the FDCA"). FDA's clarification of the requirements of federal law in the 2016 Final Guidance does not render the NLEA's preemption clause inoperable during the pre-2014 time period when Plaintiff purchased Odwalla's products. *See Wilson*, 961 F. Supp. 2d at 1147; *Peterson v. Conagra Foods, Inc.*, No. 13-cv-3158-L (NLS), 2014 U.S. Dist. LEXIS 104073, at *12 (S.D. Cal. July 29, 2014); *Eckler v. Neutrogena Corp.*, 238 Cal. App. 4th 433, 189 Cal. Rptr. 3d 339 (2015).

**IT IS FURTHER HELD THAT** Odwalla's motion to dismiss Plaintiff's claims is granted as to Plaintiff's claims for injunctive relief because those claims are moot. Under well-established Supreme Court precedent, Plaintiff must establish an Article III case or controversy "separately for each form of relief sought." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). For purposes of injunctive relief, Article III requires "a real and immediate threat" that Plaintiff "will again be wronged" by Odwalla "in a similar way." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102-03, 111 (1983). There is no such threat here, as Odwalla has permanently discontinued its ECJ labeling, and Plaintiff's claims for injunctive relief are thus moot. The "voluntary cessation" exception to mootness does not apply here because there is no reason to believe that Odwalla may "return to [its] old ways." *United States v. W. T. Grant Co.*, 345 U.S.

629, 632-33 (1953).  Odwalla has not labeled its products with ECJ for years and has no plans to do so again.  Moreover, in light of the 2016 Final Guidance, Odwalla would be constrained from doing so.

      Accordingly, on this ___ day of _____, 2016, it is hereby ORDERED that Odwalla's motion to dismiss Plaintiff's Complaint is GRANTED with prejudice and without leave to amend.

_____
Hon. Yvonne Gonzalez Rogers
United States District Judge