LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (SBN 088666)
Email:  glafayette@lkclaw.com
1300 Clay Street, Suite 810
Oakland, California  94612
Telephone:     (415) 357-4600
Facsimile:      (415) 357-4605

PATTERSON BELKNAP WEBB & TYLER LLP
STEVEN A. ZALESIN (admitted *pro hac vice*)
Email:  sazalesin@pbwt.com
TRAVIS J. TU (admitted *pro hac vice*)
Email:  tjtu@pbwt.com
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone:     (212) 336-2000
Facsimile:      (212) 336-2222

Attorneys for Defendants
ODWALLA, INC. and THE COCA-COLA COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN REESE, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>   vs.<br><br>ODWALLA, INC. and THE COCA-COLA COMPANY,<br><br>              Defendants. | Case No. 4:13-CV-00947-YGR<br><br>**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Judge:  Hon. Yvonne Gonzalez Rogers<br><br>Complaint Filed:  March 1, 2013<br>Hearing Date: October 25, 2016<br>Hearing Time:  2:00pm<br>Courtroom:  1, 4th Floor |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................. 1

ARGUMENT .................................................................................................................................... 2

I. FEDERAL LAW CONCERNING ECJ WAS NOT "BINDING, CLEAR, AND UNAMBIGUOUS" WHEN PLAINTIFF MADE HER PURCHASES ................... 2

    A. Plaintiff Cannot Ignore ECJ's Regulatory History ................................................. 2

    B. The Court Already Determined that Federal Law Was Unsettled When Plaintiff Made Her Purchases ........................................................................ 4

    C. Plaintiff's Claims Are Barred Under the *Wilson*, *Peterson*, and *Eckler* Decisions ................................................................................................................. 5

II. PLAINTIFF'S OTHER ARGUMENTS AGAINST PREEMPTION FAIL ....................... 7

III. NO SWORN DECLARATION OR DISCOVERY IS NECESSARY TO DETERMINE THAT PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF IS MOOT ................................................................................................................................ 11

CONCLUSION ............................................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Astiana v. Ben & Jerry's Homemade, Inc.*,
  No. C 10-4387 PJH, 2011 U.S. Dist. LEXIS 57348 (N.D. Cal. May 26, 2011)......................12

*Astiana v. Hain Celestial Group, Inc.*,
  783 F.3d 753 (9th Cir. 2015) ..............................................................................................9

*Backus v. Nestlé USA, Inc.*,
  No. C-15-1963 MMC, 2016 U.S. Dist. LEXIS 29669 (N.D. Cal. Mar. 8, 2016)......................8

*Carrea v. Dreyers Grand ice Cream, Inc.*,
  475 F. App'x 113 (9th Cir. 2012)..........................................................................................8

*Chavez v. Bank of Am. Corp.*,
  No. C-10-0653 JCS, 2012 U.S. Dist. LEXIS 62935 (N.D. Cal. May 4, 2012) ........................4

*Chavez v. Blue Sky Beverage Co.*,
  268 F.R.D. 365 (N.D. Cal. 2010).........................................................................................9

*Chavez v. Nestle USA, Inc.*,
  No. 09-9192-GW, 2011 U.S. Dist. LEXIS 9773 (C.D. Cal. Jan. 10, 2011) .............................8

*Cortina v. Goya Foods, Inc.*,
  94 F. Supp. 3d 1174 (S.D. Cal. 2015)...................................................................................9

*Eckler v. Neutrogena Corp.*,
  238 Cal. App. 4th 433, 189 Cal. Rptr. 3d 339 (2015)....................................................1, 5, 6, 7

*Fayer v. Vaughn*,
  649 F.3d 1061 (9th Cir. 2011) .............................................................................................4

*Figy v. Lifeway Foods, Inc.*,
  No. 13-cv-04828-TEH, 2014 U.S. Dist. LEXIS 62700
  (N.D. Cal. May 5, 2014) .....................................................................................................5

*Figy v. Lifeway Foods, Inc.*,
  No. 13-cv-04828-TEH, 2016 U.S. Dist. LEXIS 108755
  (N.D. Cal. Aug. 16, 2016)....................................................................................................7

*Gitson v. Clover Stornetta Farms*,
  No. C -13-01517(EDL), 2014 U.S. Dist. LEXIS 83880
  (N.D. Cal. June 9, 2014) .....................................................................................................5

*Gorenstein v. Ocean Spray Cranberries, Inc.*,
　No. CV 09-5925 GAF, 2010 U.S. Dist. LEXIS 143801
　(C.D. Cal. Jan. 29, 2010) ...................................................................................................... 8

*Hall v. City of Los Angeles*,
　697 F.3d 1059 (9th Cir. 2012) ............................................................................................. 4

*Henry v. Gerber Prods. Co.*,
　No. 3:15-cv-02201-HZ, 2016 U.S. Dist. LEXIS 52638 (D. Or. Apr. 18, 2016) ..................... 9

*Ivie v. Kraft Foods Global, Inc.*,
　No. C-12-02554-RMW, 2013 U.S. Dist. LEXIS 25615
　(N.D. Cal. Feb. 25, 2013) ..................................................................................................... 7

*Peterson v. Conagra Foods, Inc.*,
　No. 13-cv-3158-L (NLS), 2014 U.S. Dist. LEXIS 104073
　(S.D. Cal. July 29, 2014) ............................................................................................ 1, 5, 6, 7

*Red v. Kroger Co.*,
　No. 10-01025 DMG, 2010 U.S. Dist. LEXIS 115238 (N.D. Cal. Sept. 2, 2010) .................. 8

*Reid v. Johnson & Johnson*,
　780 F.3d 952 (9th Cir. 2015) ............................................................................................. 10

*Reese v. Odwalla, Inc.*,
　30 F. Supp. 3d 935, 939 (N.D. Cal. 2014) ............................................................... 1, 4, 10, 11

*Smith v. Univ. of Wash. Law Sch.*,
　233 F.3d 1188 (9th Cir. 2000) ........................................................................................... 12

*Stansfield v. The Minute Maid Company and the Coca-Cola Company*,
　No. 4:14 cv 290-MW/CAS, 2014 U.S. Dist. LEXIS 187335
　(N.D. Fla. Nov. 20, 2014) .................................................................................................... 9

*Swartz v. KPMG LLP*,
　476 F.3d 756 (9th Cir. 2007) ............................................................................................. 3

*Swearingen v. Attune Foods, Inc.*,
　No. C13-4541 SBA, 2014 U.S. Dist. LEXIS 68558
　(N.D. Cal. May 15, 2014) .................................................................................................... 5

*Swearingen v. Santa Cruz Nat., Inc.*,
　No. 13-cv-04291-SI, 2016 U.S. Dist. LEXIS 109432
　(N.D. Cal. Aug. 17, 2016) .................................................................................................... 7

*Wilson v. Frito-Lay N. Am.*,
　961 F. Supp. 2d 1134 (N.D. Cal. 2013) ...................................................................... 1, 5, 6, 7

*Zeisel v. Diamond Foods, Inc.*,
   No. C 10-01192 JSW, 2010 U.S. Dist. LEXIS 141941
   (N.D. Cal. Sept. 3, 2010) ..................................................................................................9

*Zupnik v. Tropicana Prods.*,
   No. CV 09-6130 DSF, 2010 U.S. Dist. LEXIS 142060
   (C.D. Cal. Feb 1, 2010)....................................................................................................9

**Statutes**

21 U.S.C. § 343(g) ................................................................................................................8

21 U.S.C. § 343(i) .................................................................................................................8

21 U.S.C. § 343-1(a) .............................................................................................................8

21 U.S.C. § 343(a)(1)....................................................................................................7, 8, 9

Federal Food Drug and Cosmetic Act  ("FDCA").................................................... *passim*

**Regulations**

21 C.F.R. § 101.22 ................................................................................................................6

21 C.F.R. § 101.22(h)(5).......................................................................................................6

**Other Authorities**

*Wilson v. Frito-Lay N. Am.*,
   Second Amended Class Action Complaint,
   No. 3:12-cv-01586-JST, Dkt. No. 47 (N.D. Cal. May 1, 2013) .........................................6

Defendants Odwalla, Inc. and The Coca-Cola Company (collectively, "Odwalla") respectfully submit this reply memorandum in further support of Odwalla's motion to dismiss.

**INTRODUCTION**

In opposing Odwalla's motion, Plaintiff argues that her state-law claims are viable and not preempted by the federal Food Drug and Cosmetic Act ("FDCA") because federal law concerning the labeling of evaporated cane juice ("ECJ") was "binding, clear, and unambiguous" prior to 2013 when she made her purchases. (Opp'n at 1.) This simply is incorrect. In fact, the Court has already recognized that, prior to FDA's publication of the 2016 Final Guidance earlier this year, the status of ECJ under federal law was "unsettled," "non-binding," and "not legally enforceable." *Reese v. Odwalla, Inc.*, 30 F. Supp. 3d 935, 939 (N.D. Cal. 2014).

The Court's findings were proper and are fatal to Plaintiff's case. As Odwalla demonstrated in its opening brief, Plaintiff's state-law claims are predicated on California's Sherman Law, but that statute incorporates only final, binding FDA requirements into the law of the state. Moreover, even if they were viable, Plaintiff's state-law claims are preempted because, as multiple courts have now held, the FDCA expressly preempts private plaintiffs from using state law to retroactively impose liability on manufacturers based upon FDA's subsequent clarification of federal law. *See Wilson v. Frito-Lay N. Am.*, 961 F. Supp. 2d 1134, 1147 (N.D. Cal. 2013); *Peterson v. Conagra Foods, Inc.*, No. 13-cv-3158-L (NLS), 2014 U.S. Dist. LEXIS 104073, at *12 (S.D. Cal. July 29, 2014); *Eckler v. Neutrogena Corp.*, 238 Cal. App. 4th 433, 189 Cal. Rptr. 3d 339 (2015).

Plaintiff argues that *Wilson, Peterson,* and *Eckler* are distinguishable because they did not involve ECJ labeling. (Opp'n at 19-20.) This is a distinction without a difference. Regardless of the ingredient or type of product in dispute, *Wilson, Peterson,* and *Eckler* recognize that Due Process would be violated, and Congress's intent behind the FDCA's preemption clause would be thwarted, if cases such as this one were allowed.

Plaintiff's other arguments in opposition to Odwalla's motion lack merit. Contrary to Plaintiff's contentions, prior cases involving ECJ labeling have not addressed, let alone rejected,

Odwalla's preemption defense; generic state-law claims that a label statement is "false and misleading" are not exempt from preemption; and no discovery is necessary for the Court to determine, at minimum, that Plaintiff's claim for injunctive relief is moot. Odwalla's motion should be granted, and Plaintiff's claims should be dismissed with prejudice.

## ARGUMENT

### I. FEDERAL LAW CONCERNING ECJ WAS NOT "BINDING, CLEAR, AND UNAMBIGUOUS" WHEN PLAINTIFF MADE HER PURCHASES

Plaintiff's opposition rests on the false premise that, even before FDA published the 2016 Final Guidance, federal law concerning ECJ was "binding, clear and unambiguous." (Opp'n at 1.) Plaintiff insists that the requirements of federal law concerning ECJ were "settled long ago" when FDA published the standard of identify for sucrose (*id.* at 2), and that it was "crystal clear" "at all times" that ECJ should be labeled as sugar (*id.* at 10). These arguments ignore not only the extensive regulatory history of ECJ labeling, but also this Court's prior determination that, when Plaintiff filed this case, the status of ECJ under federal law was unsettled.

#### A. Plaintiff Cannot Ignore ECJ's Regulatory History

It is true that the standard of identity for sucrose was on the books in 2013 when Plaintiff purchased Odwalla products labeled with ECJ. But whether ECJ is governed by that standard of identity was hardly "clear" at the time. In fact, FDA spent years deliberating that very issue.

As Odwalla explained in its opening brief, most food and beverage ingredients acquire their common and usual names under federal law through "common usage" in the marketplace. (Opening Br. at 6.) ECJ was one such ingredient, and ECJ was commonly identified by that name for many years. (*Id.* at 6.) FDA first questioned whether ECJ was an appropriate common and usual name in 2009. At that time, however, FDA did not take the position that the requirements of federal law concerning this ingredient were clear. Nor did FDA assert that ECJ was governed by the standard of identity for sucrose. On the contrary, FDA chose to proceed

through an informal, non-binding process, and published the 2009 Draft Guidance suggesting that ECJ be identified as "dried cane syrup."[1]

After publishing the 2009 Draft Guidance, FDA sent warning letters to several companies concerning ECJ labeling, but took no steps to finalize the guidance or prohibit ECJ labeling under federal law.  Moreover, in March 2014, FDA reopened the regulatory process on ECJ labeling and publicly stated that the Agency had "***not reached a final decision*** on the common or usual name for this ingredient[.]"  (*See* Dkt. No. 88, RJA, Ex. C. at 1 (emphasis added)).  FDA stated that, before it could determine the status of ECJ under federal law, it needed "further comments, data, and information" regarding, *inter alia*, "the basic nature and characterizing properties of the ingredient," "how this ingredient is produced," and "how it compares with other sweeteners."  *Id.*

If Plaintiff were correct that the requirements of federal law concerning ECJ were settled long ago, FDA's entire regulatory process on ECJ would have been pointless.  Likewise, if it were clear that ECJ falls within the standard of identity for sucrose, FDA simply could have said so and saved itself years of effort and agency resources.  That is not at all what happened.

Unable to rebut the reality of ECJ's regulatory history, Plaintiff argues that, because her Complaint *alleges* that ECJ falls within the standard of identity for sucrose, the Court must *assume* that federal law at all relevant times required ECJ to be labeled as sugar.  (Opp'n at 10.)  This is nonsense.  Courts are not required to turn a blind eye to reality on a motion to dismiss.  The regulatory history of ECJ is properly subject to judicial notice.  *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (courts may consider any "matters properly subject to judicial notice" on a motion to dismiss).  Moreover, Plaintiff's allegation that ECJ falls within the

---

[1] Plaintiff's position that federal law concerning ECJ was always "crystal clear" is belied by positions she has taken at the earlier stages of this case.  For example, in opposing Odwalla's original motion to dismiss, Plaintiff did not assert that ECJ was clearly governed by the standard of identity for sucrose.  Rather, in reliance on the 2009 Draft Guidance, Plaintiff argued that ECJ fell within the standard of identity for "cane sirup." (Pl's 8/2/13 Opp'n [Dkt. No. 36] at 8-9.)  Plaintiff cited the standard of identity sucrose only in the alternative.  (*Id.*)

standard of identity for sucrose is a legal conclusion, which is not entitled to a presumption of truth. *See Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (courts need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations").

### B. The Court Already Determined that Federal Law Was Unsettled When Plaintiff Made Her Purchases

Plaintiff's argument that federal law concerning ECJ was settled long ago is also contrary to the Court's prior findings in this case. When Odwalla filed its original motion to dismiss in 2013, Plaintiff argued that the Court should not stay or dismiss the case on primary jurisdiction grounds because "the implicated FDA regulations are clear," those regulations supposedly imposed binding requirements, and FDA's interpretation of those regulations "has been consistent" at all times. (Pl's 8/02/13 Opp'n to MTD [Dkt. No. 36] at 15.)

The Court rejected these arguments. After a careful review of ECJ's regulatory history, the Court determined that federal law concerning ECJ labeling was "unsettled," "non-binding," and "not legally enforceable." *Reese*, 30 F. Supp. 3d at 939. Plaintiff's opposition does not acknowledge the Court's prior findings, but implicitly seeks to overturn them. There are no grounds to do so.

Under the law of the case doctrine,[2] "a prior decision on a factual or legal issue *must be followed* in all subsequent proceedings in the trial court," unless "1) the court is presented with substantially additional or different evidence, 2) there has been a change in controlling authority applicable to the particular issue, or 3) the prior decision was clearly erroneous and would work a manifest injustice." *Chavez v. Bank of Am. Corp.*, No. C-10-0653 JCS, 2012 U.S. Dist. LEXIS 62935, at *12-13 (N.D. Cal. May 4, 2012) (emphasis added). Plaintiff does not argue that the Court's prior determinations regarding the status of ECJ under federal law fall into one of the exceptions to the law of the case doctrine, and she could not make that showing. The Court's

---

[2] The law of the case doctrine "generally precludes a court from reconsidering an issue decided previously by the same court or by a higher court in the identical case." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012).

findings were correct, and numerous courts subsequently reached the same conclusion. *See, e.g.*, *Gitson v. Clover Stornetta Farms*, No. C -13-01517(EDL), 2014 U.S. Dist. LEXIS 83880, at *17 (N.D. Cal. June 9, 2014) ("Plaintiffs' assertion that the use of the term ECJ on a food label is clearly, unambiguously unlawful is belied by the FDA's current effort to get more information and public comment on ECJ's nature, production, and how it is different from other sweeteners."); *Swearingen v. Attune Foods, Inc.*, No. C 13-4541 SBA, 2014 U.S. Dist. LEXIS 68558, at *9 (N.D. Cal. May 15, 2014) ("[T]he FDA has not resolved the issue of whether ECJ is the common or usual name of the ingredient involved in this case. . . ."); *Figy v. Lifeway Foods, Inc.*, No. 13-cv-04828-TEH, 2014 U.S. Dist. LEXIS 62700, at *15-16 (N.D. Cal. May 5, 2014) ("[C]ontrary to Plaintiff's position, the FDA has not definitively announced that listing ECJ as an ingredient is misleading or improper in light of the preliminary nature of the 2009 ECJ Draft Guidance and the subsequent 2014 FDA Notice that explicitly stated that the FDA has not reached a final decision on the common or usual name for ECJ.").

### C.     Plaintiff's Claims Are Barred Under the *Wilson*, *Peterson*, and *Eckler* Decisions

Because federal law concerning ECJ was unsettled when Plaintiff made her purchases, the Complaint fails to state a claim under California law, and Plaintiff's claims are preempted by the FDCA in any event.  The decisions in *Wilson, Peterson*, and *Eckler* explain why this is so. These courts recognized that it would violate Due Process to allow private plaintiffs to enforce FDA's non-final, non-binding interpretations of federal law.  To avoid these Due Process concerns, the FDCA expressly preempts state-law claims that seek to retroactively impose liability for labeling practices that are prohibited by FDA's subsequent clarification of federal law.  *See Wilson*, 961 F. Supp. 2d at 1147; *Peterson*, 2014 U.S. Dist. LEXIS 104073, at *12; *Eckler*, 238 Cal. App. 4th at 455-56.

Notably, Plaintiff buries her discussion of *Wilson, Peterson*, and *Eckler* near the end of her opposition.  (Opp'n at 19-20.)  Plaintiff does not dispute that the holdings in these cases were correct.  She argues instead that they are distinguishable because "none involved claims

pertaining to the term evaporated cane juice," and because the plaintiffs in these cases supposedly identified "no [federal] statute or regulation on point[.]" (*Id.*)

There are no grounds to distinguish these cases. While it is true that *Wilson, Peterson*, and *Eckler* did not involve ECJ, Plaintiff offers no explanation why the Due Process or preemption analysis should be different for ECJ than for MSG (*Wilson* and *Peterson*) or sunblock (*Eckler*). It also is not true that the plaintiffs in *Wilson, Peterson*, and *Eckler* failed to identify any federal statutes and regulations on point. As Odwalla explained in its opening brief, the plaintiffs in *Wilson* and *Peterson* alleged that the defendant's "No MSG" labeling violated FDA regulations on common and usual names (21 C.F.R. § 101.22(h)(5)) and the labeling of spices (*id.* § 101.22). *See Peterson*, 2014 U.S. Dist. LEXIS 104073, at *8; Second Amended Class Action Complaint, *Wilson*, No. 3:12-cv-01586-JST, Dkt. No. 47 (N.D. Cal. May 1, 2013). The plaintiffs in *Eckler* alleged that the defendant violated the FDA monograph for sunscreen products. *See Eckler*, 238 Cal. App. 4th at 455-56.

Moreover, the plaintiffs in *Wilson* and *Peterson* argued that the federal requirements that they were seeking to enforce through their state-law claims were not new, but had "had been in place for decades[.]" *Wilson*, 961 F. Supp. 2d at 1146; *Peterson*, 2014 U.S. Dist. LEXIS 104073, at *12. The plaintiffs in *Eckler* similarly argued that "FDA banned the use" of the disputed labeling claims in that case "long before" the suit was filed. *Eckler*, 238 Cal. App. 4th at 454. The courts rejected these arguments and found that plaintiffs' state-law claims were preempted because, during the time periods covered by the complaints, FDA had not definitively concluded that federal law prohibited the defendants' labeling practices.

Plaintiff also argues that *Wilson, Peterson*, and *Eckler* are distinguishable because the requirements of federal law in those cases were ambiguous, whereas the federal regulations governing ECJ supposedly were "clear and unambiguous." (Opp'n at 20.) This argument should be rejected for all the reasons discussed above. Prior to 2013, when Plaintiff purchased Odwalla products, federal law concerning ECJ was every bit as unclear as the statutes and regulations at

issue in *Wilson, Peterson*, and *Eckler*. Plaintiff's claims here are preempted for the same reasons cited by those courts.

## II. PLAINTIFF'S OTHER ARGUMENTS AGAINST PREEMPTION FAIL

Plaintiff's opposition advances several other arguments against Odwalla's preemption defense. All of these arguments lack merit.

***First***, Plaintiff asserts that, since FDA published the 2016 Final Guidance, two courts have rejected preemption defenses in ECJ cases. (Opp'n at 16-17). In one of these cases, however, the defendants did not move to dismiss on preemption grounds. *See Figy v. Lifeway Foods, Inc.*, No. 13-cv-04828-TEH, 2016 U.S. Dist. LEXIS 108755 (N.D. Cal. Aug. 16, 2016). The other case presented a different question than is presented here. *See Swearingen v. Santa Cruz Nat., Inc.*, No. 13-cv-04291-SI, 2016 U.S. Dist. LEXIS 109432 (N.D. Cal. Aug. 17, 2016). Unlike Odwalla, which discontinued its ECJ labeling before FDA completed its regulatory process, the defendant in *Swearingen* apparently continued to label its products as containing ECJ. The question presented in *Swearingen*, therefore, was whether state-law claims over products that are *currently* labeled with ECJ are preempted. That is a different question from whether Plaintiff can sue over *past* sales during the time when federal law concerning ECJ was unsettled. The narrow question presented in this case is answered by *Wilson, Peterson*, and *Eckler*, not *Swearingen.*

***Second***, Plaintiff cites *Ivie v. Kraft Foods* and other preemption rulings that predate the FDA's decision in March 2013 to reopen the regulatory process on ECJ. (Opp'n at 19.) As Odwalla explained in its opening brief, these decisions were premised on the *Ivie* court's erroneous conclusion that FDA's interpretation of federal law concerning ECJ was "clear" at that time. (Opening Br. at 19-20 & n.14.) FDA itself subsequently rejected that position, and clarified that the Agency had not determined the status of ECJ under federal law. Plaintiff's continued reliance on *Ivie* and its progeny, therefore, is misplaced.

***Third***, Plaintiff argues that her claims are not preempted because the FDCA's preemption clause does not identify 21 U.S.C. § 343(a)(1)—the FDCA's general prohibition against labeling

that is "false or misleading in any particular"—as one of the statutory provisions that carries preemptive effect. Odwalla anticipated that Plaintiff would assert this argument and refuted it in its opening brief. (Opening Br. at 18-19.) As Odwalla explained, the Ninth Circuit rejected this argument *sub silencio* in *Carrea v. Dreyer's Grand Ice Cream,* 457 F. App'x 113, 115 (9th Cir. 2012) and numerous district courts have expressly rejected it in other cases. *See, e.g.*, *Gorenstein v. Ocean Spray Cranberries, Inc.*, No. CV 09-5925 GAF (CWx), 2010 U.S. Dist. LEXIS 143801, at *2-5 (C.D. Cal. Jan. 29, 2010); *Backus v. Nestlé USA, Inc.*, No. C-15-1963 MMC, 2016 U.S. Dist. LEXIS 29669, at *20 n.8 (N.D. Cal. Mar. 8, 2016); *Red v. Kroger Co.*, No. 10-01025 DMG, 2010 U.S. Dist. LEXIS 115238, at *7-16 (N.D. Cal. Sept. 2, 2010); *Chavez v. Nestle USA, Inc.*, No. 09-9192-GW, 2011 U.S. Dist. LEXIS 9773, at *25 (C.D. Cal. Jan. 10, 2011).

These decisions recognize that the FDCA's prohibition against false and misleading labeling in § 343(a)(1) is "part of a larger statutory scheme that must be construed, to the extent possible, to give effect to all of its provisions." *Gorenstein*, 2010 U.S. Dist. LEXIS 143801, at *3 (citing *Ricci v. DeStefano*, 557 U.S. 557 (2009)). The statutory scheme, as a whole, makes clear that state-law claims, whether pleaded as "false and misleading" claims or something else, are preempted if they seek to impose requirements "of the type" governed by one of the FDCA provisions enumerated in the statute's preemption clause. Otherwise § 343(a)(1) would provide an easy end run around the FDCA's preemption clause and "eviscerate the strict preemption requirements" that Congress intended. *Id.* at 4.

Here, Plaintiff's state-law claims indisputably seek to impose obligations "of the type" governed by FDCA provisions that carry preemptive effect. The crux of Plaintiff's case is that ECJ is not an appropriate common and usual name, and that ECJ falls within the standard of identity for sucrose. Her state-law claims thus seek to impose requirements "of the type" specified in 21 U.S.C. § 343(i), which governs common and usual names, and § 343(g), which governs standards of identity. Since the FDCA's preemption clause gives preemptive effect to both of these statutory provisions (s*ee* 21 U.S.C. § 343-1(a)), Plaintiff's claims are preempted.

The cases Plaintiff cites on this point are largely inapposite.  In *Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753, 758 (9th Cir. 2015), the plaintiff challenged "natural" claims on cosmetics.  But cosmetics are not subject to the FDCA's express preemption clause for food labeling, and unlike ECJ, FDA had expressly declined to regulate "natural" claims on cosmetics.  *Astiana*, 783 F.3d at 759-61.  Similarly, in *Chavez v. Blue Sky Beverage Co.*, 268 F.R.D. 365, 368 (N.D. Cal.  2010), the plaintiff challenged "Made in Santa Fe" claims on beverage labels.  Label statements regarding a product's geographic origin, however, are not "of the type" governed by FDCA provisions that carry preemptive effect.

One published decision cited by Plaintiff arguably supports her view that generalized claims that a label statement is "false and misleading" are exempt from preemption.   *See Zupnik v. Tropicana Prods.*, No. CV 09-6130 DSF (RZx), 2010 U.S. Dist. LEXIS 142060 (C.D. Cal. Feb. 1, 2010).  But another court recently observed that *Zupnik*'s "analysis of express preemption, a complex and nuanced area of law, is quite perfunctory and does not closely examine the language and structure of the FDCA to determine Congress's intent."  *Henry v. Gerber Prods. Co*., No. 3:15-cv-02201-HZ, 2016 U.S. Dist. LEXIS 52638, at *21-22 (D. Or. Apr. 18, 2016).  Indeed, *Zupnik* is "an outlier among the vast weight of authority that has concluded the FDCA preempts state law claims premised on an allegedly [false and] misleading" aspects of food and beverage labels that are "of the type" covered by the FDCA's preemption clause.[3]  *Id.* at 23.

---

[3] Plaintiff also cites the district court's decision in *Saeidian v. The Coca-Cola Company*, which followed *Zupnik* and held that claims that a label is false and misleading are not preempted.  This decision was unpublished, and on exactly the same facts another district court correctly held that the identical claims were preempted. *See Stansfield v. The Minute Maid Company and the Coca-Cola Company*, No. 4:14 cv 290-MW/CAS, 2014 U.S. Dist. LEXIS 187335, at *1-2 (N.D. Fla. Nov. 20, 2014).  Plaintiff also cites *Zeisel v. Diamond Foods, Inc.* and *Cortina v. Goya Foods, Inc.*, in which district courts observed that § 343(a)(1) is not encompassed by the FDCA's preemption clause.  But these courts went on to hold that the plaintiffs' claims were not preempted because the complaint sought to impose requirements that were *identical* to existing requirements of federal law, No. C 10-01192 JSW, 2010 U.S. Dist. LEXIS 141941, at *7-9 (N.D. Cal. Sept. 3, 2010), or were not "of the type" covered by an FDCA provision with preemptive effect, 94 F. Supp. 3d 1174, 1189 (S.D. Cal. 2015).  Neither proposition applies here.

\* \* \*

In its ruling on Odwalla's original motion to dismiss, the Court did not reach Odwalla's preemption arguments. But the Court did articulate the correct legal standard that governs the preemption analysis in this case. The Court observed that the Plaintiff's claims "turn, first and foremost, on whether they are 'misleading' in the sense that they are considered 'misbranded' under the federal food labeling laws, not on whether the labels are misleading in a general legal sense." *Reese*, 30 F. Supp. 3d at 942. This is because federal law "completely displaces any non-identical requirements in the areas governed by federal requirements" and preempts any state requirement that "imposes obligations" that are "not imposed by" federal law.[4] *Id.*

The Court need only apply that standard to determine that Plaintiff's claims are preempted. According to Plaintiff, prior to 2013 when she purchased Odwalla products, California law required ECJ to be labeled as sugar. But at that time FDA did not impose this obligation under federal law, so Plaintiff's claims are preempted. To hold otherwise would force manufacturers to relabel products in response to every informal, tentative and non-binding FDA pronouncement, or else face potentially staggering liability under state law. Neither Due Process nor the FDCA's preemption clause permits this. Plaintiff's claims are preempted and must be dismissed.

---

[4] Plaintiff's opposition at various points suggests that the FDCA only preempts state-law claims premised on labeling claims that federal law requires or expressly permits. (Opp'n at 21-23.) In its ruling on Odwalla's original motion to dismiss, the Court correctly observed that the FDCA's express preemption clause sweeps more broadly. While the statute certainly preempts attacks on label claims that federal law requires or permits, the FDCA also preempts state-law claims that seek to impose obligations that are "*not imposed by or contained in*" federal statutes or regulations. *Reese*, 30 F. Supp. 3d at 942 (emphasis in original); *see also Reid v. Johnson & Johnson*, 780 F.3d 952, 959 (9th Cir. 2015) ("The phrase not identical to means that the State requirement directly or indirectly imposes obligations or contains provisions concerning the composition or labeling of food that are not imposed by or contained in the applicable federal regulation or differ from those specifically imposed by or contained in the applicable federal regulation."); *Backus v. Gen. Mills*, 122 F. Supp. 3d 909, 932 (N.D. Cal. 2015) (same).

### III. NO SWORN DECLARATION OR DISCOVERY IS NECESSARY TO DETERMINE THAT PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF IS MOOT

Because Plaintiff's claims are preempted in their entirety, the Court does not need to reach Odwalla's mootness argument.  Plaintiff's claim for injunctive relief nevertheless is moot.

In her opposition, Plaintiff does not dispute that Odwalla voluntarily discontinued its ECJ labeling years ago.  Nor could Plaintiff do so when she conceded this point in prior proceedings before the Court.  *See* Order Maintaining Stay and Setting Further Compliance Hearing, *Reese v. Odwalla, Inc.*, No. 13-947, Dkt. No. 72 (N.D. Cal. June 23, 2015) (continuing stay "in light of Plaintiffs' concession that any potential for prejudice is mitigated by Defendants' previous removal of the term 'evaporated cane juice' from their product labels. . . .").  Notwithstanding this concession, Plaintiff argues that the Court should allow her to pursue her claim for injunctive relief because Odwalla did not submit a sworn declaration authenticating its current product labels, and because discovery is supposedly necessary to determine "whether there is any possibility, consideration, or intention of resuming the use of [ECJ labeling] in the future." (Opp'n at 24-25.)

Plaintiff is wrong on both counts.  Odwalla was not required to submit a sworn declaration because the current labeling of Odwalla products is properly subject to judicial notice.  In fact, in its ruling on Odwalla's original motion to dismiss, the Court took judicial notice of Odwalla's then-existing product labels for the fact that they listed ECJ.  *See Reese*, 30 F. Supp. 3d at 938 n.1 (granting judicial notice as to Exhibits A, J, K, L-O, and P-T of Odwalla's Request for Judicial Notice (Dkt. No. 29), which included Odwalla's product labels).  Plaintiff offers no reason why the Court cannot judicially notice that these facts have changed.

Plaintiff also does not need discovery to confirm that she is at no risk of future harm from Odwalla's discontinued ECJ labels.  Odwalla products labeled with ECJ have been off the market for more than a year, and Odwalla has no intention of violating FDA's now-settled interpretation of federal law by bringing these labels back.  Contrary to Plaintiff's suggestion, this is not a case where the defendant is "free to return to his old ways."  (Opp'n at 24.)  In light

---

REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS
(Case No. 4:13-cv-00947-YGR)

1  of the 2016 Final Guidance, Odwalla would be constrained from resuming its ECJ labeling, even
2  if it wanted to.
3      The 2016 Final Guidance also distinguishes this case from *Astiana v. Ben & Jerry's
4  Homemade, Inc.*, No. C 10-4387 PJH, 2011 U.S. Dist. LEXIS 57348 (N.D. Cal. May 26, 2011),
5  on which Plaintiff relies.  There, Ben & Jerry's voluntarily removed the disputed "all natural"
6  claims from its labels, but there was nothing to deter Ben & Jerry's from reinstating these claims
7  in the future.   Here, by contrast, the 2016 Final Guidance advising manufacturers to no longer
8  label ECJ by that name means there is "no real expectation that the alleged wrongs will recur."
9  *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1195 (9th Cir. 2000).

## CONCLUSION

Plaintiff's claims under California state law are squarely preempted by the FDCA.  The Complaint should be dismissed, in its entirety, with prejudice.  At minimum, Plaintiff's claim for injunctive relief should be dismissed as moot.

DATE:  October 5, 2016                     Respectfully submitted,

PATTERSON BELKNAP WEBB & TYLER LLP

  */s/ Steven A. Zalesin*
Steven A. Zalesin (admitted *pro hac vice*)
Travis J. Tu (admitted *pro hac vice*)
1133 Avenue of the Americas
New York, New York 10036
Phone: (212) 336-2000
Fax: (212) 336-2222

Gary T. Lafayette
LAFAYETTE & KUMAGAI LLP
1300 Clay Street, Suite 810
Oakland, California  94612
Phone: (415) 357-4600
Fax: (415) 357-4605

*Attorneys for Defendants*